UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-hc-2165-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| RODNEY MAHTO, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the unopposed motion of the government to modify the terms of respondent's conditional release. The motion is ALLOWED, and the orders of this court dated October 23, 2018 [D.E. 214] and November 25, 2020 [D.E. 244] are hereby amended by this order as follows:

| Condition No. | Modification |
|---|---|
| Nos. 1–4, 6, 8 | Mahto shall reside at Centre, Inc. 123 15th Street North Fargo, North Dakota 58102, a Residential Re-Entry Center (RRC), as directed by the Court. Respondent shall cooperate with all rules and regulations of the facility, participate in all recommended programming, and not withdraw from the facility without prior permission of the supervising probation officer. The Court retains and exercises ultimate responsibility in this delegation of authority to the probation officer. If during the period of conditional release Respondent must be placed in another RRC, Mahto must voluntarily report to such a facility as directed by the supervising probation officer. |
| No. 6(a)(iii) - New Condition | Mahto shall not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256) including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or |

1

| | produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256), that would compromise sex offense-specific treatment. |
|---|---|
| Nos. 6(b–d) | Mahto shall participate in a chemical dependency treatment program as part of his substance abuse treatment as approved by the supervising probation officer. |
| No. 6(e) | Mahto shall participate in a sex offense-specific assessment. This participation in a sex offense specific assessment may include visual response testing and shall follow the rules and regulations of that program. The supervising probation officer will supervise Mahto's participation in the program (provider, location, modality, duration, intensity, etc.). |
| No. 6(g) – New Condition | Mahto shall participate in mental health treatment/counseling, including participation in a program addressing specific interpersonal or social areas, for example, domestic violence, anger management, marital counseling, financial counseling, cognitive skills, and parenting as directed by the supervising probation officer. |
| No. 7 | Mahto shall not communicate, or otherwise interact, with any victim of any prior offenses, either directly or through someone else, without first obtaining the permission of the supervising probation officer. |
| No. 10 | Mahto shall not frequent, patronize, or knowingly enter any bar, tavern, or enter any establishment whose primary function is serving alcohol unless preapproved by the supervising probation officer. |
| No. 13 | Mahto shall not have direct contact with any child, or minor under the age of 18 known or reasonably apparent to be under the age of 18, without the permission of the supervising probation officer and in consultation with his treatment provider. Direct contact is defined herein as in-person contact or physical contact and includes written communication or correspondence, or telephone, or any other electronic means. If direct contact with any child known or reasonably or reasonably apparent to be under the age of 18 occurs without the permission of the supervising probation officer, Mahto shall report this contact to his probation officer within 24 hours. Direct contact does not include incidental contact during ordinary daily activities in public places. |

2

| No. 15 | Mahto shall not loiter in public restrooms or go to, or remain at, any place he knows is primarily frequented by children under the age of 18, including parks, schools, playgrounds, and childcare facilities. |
|---|---|
| No. 18 | Mahto not operate any personal computer or other electronic device (e.g., cell phone, gaming system) or possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media without the prior approval of the supervising probation officer. |
| No. 18(c) - New Condition | Mahto shall allow the supervising probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) he uses. To ensure compliance with this computer monitoring condition, Mahto shall allow the probation supervising officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, to determine whether the monitoring software is functioning effectively after its installation, and to determine whether there have been attempts to circumvent the monitoring software after its installation. Mahto shall warn any other users of these computers that the computers may be subject to searches pursuant to this condition. |
| No. 21 | Mahto shall consent to a warrantless search by the supervising probation officer, or an authorized police officer at the request of the supervising probation officer of his person property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)) other electronic communications or data storage devices or media, or office, at any time to assure compliance with this order of conditional release. Mahto must warn any other occupants that the premises may be subject to searches pursuant to this condition. |
| No. 22 | Mahto shall submit to periodic polygraph testing as determined by the supervising probation officer to ensure compliance with supervision and/or treatment. |
| No. 24(e) - New Condition | Mahto shall not engage in an occupation, business, profession, or volunteer activity that would require or enable him to have direct or indirect contact with minors |

3

Case 5:09-hc-02165-D    Document 274    Filed 04/08/26    Page 3 of 4

|  | without the prior approval of the supervising probation officer. |
|---|---|
| No. 27 | Mahto shall be subject to random breathalyzer tests and urinalysis (to screen for alcohol or drug use as well as continuous alcohol monitoring) at the direction of the supervising probation officer to verify compliance with this condition. Tampering with the collection process or specimen may be considered the same as a positive test result. |
| No. 27(a) - New Condition | Mahto shall submit to regular electronic alcohol monitoring, at the direction of the U.S. Probation Office, which may include a Sobriety breathalyzer, transdermal alcohol sensing bracelet, or other device. Mahto must review and sign a program agreement provided by the supervising probation officer and shall follow the procedures specified by the supervising probation officer. Mahto must pay all costs associated with the program unless the supervising probation officer determines Mahto is financially unable to pay. |
| No. 29 - New Condition | Mahto shall not commit another local, state, tribal, or federal crime. |

All other conditions of respondent's October 23, 2018 conditional release order [D.E. 214] remain in effect.

SO ORDERED on this _8_ day of April 2026.

JAMES C. DEVER III
United States District Judge

4